## GARRETT v. ZOCH.

Circuit Court of Appeals, Fifth Circuit. January 7, 1929.

Rehearing Denied February 6, 1929.

Nos. 5260, 5271.

Albert H. Bell, of Tulsa, Okl. (Albert H. Bell and Ray S. Fellows, both of Tulsa, Okl., on the brief), for appellant.

Edward P. Marshall, of Tulsa, Okl. (Bird McGuire, Edward P. Marshall, and F. A.

Bodovitz, all of Tulsa, Okl., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. By this suit the appellant claimed that he was entitled to a stated interest in oil and gas leases acquired by appellee and covering sundry blocks of land. The claim asserted was based on two written contracts, one dated July 21, 1924, the other dated August 8, 1924, and on allegations to the effect that by mutual agreement between appellant and appellee said written contracts were extended for an indefinite time in respect to all of their terms and provisions so as to cover oil and gas leases not covered by the written instruments. Those instruments evidenced agreements between appellee and B. S. Barnes, parties of the first part, and appellant, party of the second part. It was alleged and admitted that Barnes ceased to have any interest in the contracts, and that appellee alone was liable on the obligations imposed by the contracts upon him and Barnes. The allegations as to appellee's obligations under the written contracts being extended or enlarged by mutual agreement were put in issue. By the contract of July 1, 1924, appellant agreed to advance to appellee $5,000, which appellee agreed to repay to appellant "upon the termination of this agreement." "For and in consideration of the use of said money during the term of this contract," appellee agreed to give appellant stated undivided interests in two described blocks and in three additional blocks to be acquired by appellee; those interests to attach to all acreage and leases remaining unsold after the payment of all necessary and proper expenses, including the expenses of acquiring leases, drilling wells, surveys, abstracts, etc. The contract of August 8, 1924, provided for appellant advancing to appellee an additional sum of $5,000, for appellee acquiring and drilling "at least three additional blocks and if possible and practical five additional blocks," and for appellant having a stated interest in all the acreage in said blocks saved and remaining unsold after paying costs of securing leases, drilling wells, etc. That contract contained the following:

"(4) It is further provided however, that if oil or gas is found in paying quantities upon any of said blocks and the party of the second part shall receive a bona fide offer of Ten Thousand ($10,000.00) Dollars or more for his interest in such block, then the parties of the first part shall be relieved of all obligation to repay to the party of the second part said sum of Five Thousand ($5,000.00) Dollars or any part thereof; otherwise said parties of the first part agree and bind themselves to pay to the party of the second part said sum of Five Thousand Dollars ($5,000.00) upon the termination of this agreement. But the parties of the first part shall be required to drill at least three wells under this agreement in any event and shall not be relieved from the obligation by the discovery of oil or gas.

"(5) It is agreed that the first five wells drilled shall be deemed completed under the original contract and in compliance with the terms, provisions and obligations therein contained, upon completion of which said original contract shall be deemed terminated and the aforesaid additional wells drilled shall be in compliance with the provisions, undertakings and obligations contained in this supplemental agreement.

"(6) It is contemplated by the parties hereto that the program or campaign provided for under both agreements shall be carried out within the term of one year, and it is hereby agreed and provided that this agreement shall terminate at the expiration of one year after date in any event unless extended by mutual agreement of the parties hereto. It is also provided that this agreement may be terminated upon the completion of the three, four or five wells to be drilled hereunder at the election of either of the parties hereto.

"(7) The parties of the first part agree to prosecute and carry out the program or campaign herein provided for in a diligent manner, and it is further agreed that the interest of the party of the second part provided for in said contracts shall attach to all blocks drilled by F. P. Zoch, individually, or said F. P. Zoch and B. S. Barnes acting together, so long as said contracts or either of them shall remain in force and effect. It is also provided that this agreement can be terminated by the parties of the first part, only upon the repayment to the party of the second part of all money advanced by him under this contract as hereinabove provided, and only upon the completion of at least three wells under this supplemental agreement."

The appellee admitted that appellant was entitled to the interest claimed in nine blocks of oil and gas leases acquired by appellee, upon eight of which wells were drilled, but denied that appellant was entitled to such interest in three other blocks of oil and gas leases acquired by appellee subsequent to the

acquisition of the nine blocks above referred to. The evidence consisted principally of testimony given in the presence of the court. There was evidence to the effect that appellee repaid to appellant the amount advanced under the contract of July 24, 1924, and that appellee's obligation to repay the sum advanced under the contract of August 8, 1924, was discharged in the way provided for in paragraph 4 of that contract. The court decreed that the appellant was entitled to an accounting by appellee in respect to the nine blocks of oil and gas mining leases above referred to, and, after such account was rendered, decreed that appellant recover of appellee the amount shown by such account to be owing by the latter. Appeals were sued out from the decree ordering an accounting, and from the decree for the amount shown by the account rendered.

It was not contended in argument for the appellant that the evidence was such as to require a finding that the relations of the parties were governed by any contract other than those evidenced by the above-mentioned written instruments. The provisions contained in paragraph 7 of the contract of August 8, 1924, were relied on to sustain claims of the appellant that he was entitled to interests in blocks of oil and gas leases acquired by appellee after he had acquired the number of such blocks specifically required by that contract to be acquired by him. The first sentence of that paragraph deals only with the interest of the appellant provided for in the contracts referred to. The language of that sentence does not indicate a purpose to give appellant an interest in a greater number of blocks than the specific provisions of the contracts required appellee to acquire. The concluding sentence of that paragraph deals only with the subject of the termination of the agreement of which that sentence was a part, and does not purport to add to the subject-matter of the agreement. We do not think that the provisions of the paragraph in question properly can be given the effect of so changing the contract as to make it one under which appellee was to have an interest in blocks of oil and gas leases acquired by appellee in excess of the number specifically provided for. A phase of the evidence adduced supported the conclusions that appellee complied with his obligations under the contracts mentioned by acquiring the nine blocks in which he admitted appellant was interested, and by drilling the number of wells required by the contracts, and that, before the acquisition by appellee of blocks in addition to the nine above referred

to, it was understood between appellant and appellee that the contracts between them did not apply to such additional blocks. We think there is no occasion to set out that evidence or to comment on it further. We conclude that the record does not show that the appellant was entitled to more than the court awarded to him. As to complained of rulings on evidence, it is enough to say that none of those rulings involved reversible error.

The appeal in case No. 5260 is dismissed. The decree in case No. 5271 is affirmed.